IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ARTEMIO GONZALES,

                           Petitioner,

            v.                                CASE NO. 07-3104-RDR

DUKE TERRELL,

                           Respondent.



O R D E R

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Having reviewed the record which includes respondents' answer, petitioner's traverse, and subsequent supplemental pleadings by both parties, the court finds the petition should be dismissed.

Petitioner challenges the execution of his federal sentence, essentially seeking concurrent service of his federal sentence with his Texas state sentence.  Specifically, petitioner seeks additional prior custody credit for time he was held pursuant to a federal writ of habeas corpus ad prosequendum before being returned to Texas to continue service of his state sentence, and a nunc pro tunc designation to effect service on his federal sentence upon petitioner's return to state custody for continued service of his state sentence.

Respondents argue in part for dismissal of the petition without prejudice, based upon petitioner's failure to fully exhaust administrative remedies through the office of nation inmate

appeals.[1] Respondents cite rejections of petitioner's national appeal as not properly filed because too many pages were attached. The central office allowed petitioner to resubmit his appeal in proper format, but when petitioner did so, the central office again rejected the appeal as having too many pages.   Rather than resubmitting his appeal a second time, petitioner filed the instant petition in federal court.

In response, petitioner contends he exhausted administrative remedies to the best of his capacity, and characterizes the administrative exhaustion requirements as overbearing and prejudicial, with little regard to petitioner's limited legal training.   Petitioner further contends his appeals to the central office were improperly rejected because his local and regional appeals had been considered and decided rather than being rejected for improper format, and because he fully complied with the regulations to the extent comparable appeals to the central office from other prisoners had been accepted.   Petitioner also maintains further submission of his appeal to the central office would have been futile as that office had twice rejected it on procedural grounds.

It is well settled that claims raised in petitions filed pursuant to 28 U.S.C. § 2241 must be exhausted before a federal

---

[1]Respondents alternatively contend that petitioner is entitled to no relief on the merits of his claims. Petitioner further addressed the merits of his claims in his traverse. Although a court is not precluded from denying a habeas petition on its merits without addressing an exhaustion issue, U.S. v. Eccleston, 521 F.3d 1249, 1253 (10th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 430 (2008), the court declines to do so in this case where petitioner's proper exhaustion of available administrative remedies could impact the merits of his claim. Id. (Dissent) at 1255-56.

court will hear them.  *Burger v. Scott*, 317 F.3d 1133, 1144, n.8 (10th Cir. 2003)(*citing* *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)).  *See* *Williams v. O'Brien*, 792 F.2d 986 (10th Cir. 1986)(applying exhaustion requirement to federal prisoner challenging the execution of his sentence)(per curiam). This exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See* *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91.

While it is recognized that the exhaustion requirement "is not applicable when the prisoner has no adequate remedy such that exhaustion would be futile," *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005), *cert. denied*, 549 U.S. 943 (2006), this futility exception is narrow.  It is applies only if no opportunity for redress is available, or if the corrective process is so clearly deficient as to render further efforts for relief futile.  *Beavers v. Saffle*, 216 F.3d 918, 924 n. 3 (10th Cir. 2000)(*citing and quoting* *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)).  Petitioner bears the burden of demonstrating his exhaustion of administrative remedies, *Williams*, 792 F.2d at 987, and thus must demonstrate the claimed futility exception applies to excuse his acknowledged failure to exhaust administrative remedies in this case. Petitioner fails to do so.

Petitioner makes no showing that the restrictions on his proper submission of his administrative appeal to the central office were unduly burdensome, or that recent controlling authority dictated an

3

adverse resolution of his central appeal if he were to properly submit it.  Finding no showing that petitioner's full and proper exhaustion of administrative remedies would be patently futile, the court agrees with respondents that petitioner has not exhausted available administrative remedies on his claims, and concludes the petition should be dismissed without prejudice.  *See* <u>Williams</u>, 792 F.2d at 986-87 (federal prisoner who did not use administrative procedure to challenge allegedly unlawful execution of sentence was not entitled to habeas corpus review).

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is dismissed without prejudice

IT IS FURTHER ORDERED that petitioner's motion for a decision on his petition (Doc. 10) is now moot.

DATED:  This 15th day of June 2009, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge